# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COLLADO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JUAN URAMBULA, et al., <br><br> Defendants. | Case No. 1:19-cv-00996-LJO-SAB <br><br> ORDER REQUIRING PLAINTIFFS LOURDES AYALA, TINO PARTIDO, MARIBEL AYALA, TERESA WARE, AND MARIA DIAZ TO FILE APPLICATIONS TO PROCEED IN FORMA PAUPERIS <br><br> ORDER REQUIRING PLAINTIFFS LOURDES AYALA, TINO PARTIDO, MARIBEL AYALA, TERESA WARE, AND MARIA DIAZ TO FILE A SIGNED COMPLAINT TO PROCEED PRO SE <br><br> ORDER DENYING PLAINTIFF JOHN COLLADO'S APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE AND REQUIRING JOHN COLLADO TO FILE A REVISED APPLICATION TO PROCEED IN FORMA PAUPERIS <br><br> (ECF Nos. 1, 2) <br><br> FOURTEEN-DAY DEADLINE |

On July 19, 2019, John Collado, Lourdes Ayala, Tino Partido, Maribel Ayala, Teresa Ware, and Maria Diaz ("Plaintiffs"), filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On July 19, 2019, Plaintiff John Collado filed an application to proceed *in forma pauperis*. (ECF No. 2.) The Court finds multiple issues with these filing that Plaintiffs must address, as explained in this order.

///

1

# I.

# COMPLAINT

The filed complaint was signed on behalf of Plaintiff John Collado only, proceeding *pro se*. (ECF No. 1.) Plaintiffs are advised that Local Rule 131(b) of the Eastern District of California requires that all pleadings "be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing" *pro se* in the action. Plaintiff John Collado is proceeding *pro se* and as such has no authority to appear on behalf of other individuals. Each named Plaintiff must sign the complaint on behalf of themselves if they wish to proceed *pro se* in this action, or must have a licensed attorney that represents them in the action sign and submit any filings. See L.R. 131(b); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Plaintiffs are advised that if and when the Court screens the complaint as filed, the Court will recommend dismissal or striking of any of the named Plaintiffs who did not sign the complaint as they are not represented by an attorney in this action. If Plaintiffs Lourdes Ayala, Tino Partido, Maribel Ayala, Teresa Ware, and Maria Diaz wish to proceed *pro se* in this action, they shall file an amended complaint which includes each of their signatures.

# II.

# APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff John Collado was the only named Plaintiff that submitted an application to proceed *in forma pauperis* ("IFP") in this action. (ECF No. 2.) All parties instituting any civil action are required to pay the filing fee. See 28 U.S.C. § 1914(a). An action may only proceed despite the failure to pay a filing fee if the party is granted *in forma pauperis* status. Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). All parties seeking to proceed *in forma pauperis* must qualify for *in forma pauperis* status. Anderson v. California, No. 3:10-cv-02216-MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). If Plaintiffs Lourdes Ayala, Tino Partido, Maribel Ayala, Teresa Ware, and Maria Diaz wish to proceed in this action, they shall file an application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay

the $400.00 filing fee for this action.

Further, Plaintiff John Collado signifies in the IFP application that he is currently incarcerated. (ECF No. 2 at 1.) As indicated on page two of the IFP application, if Plaintiff John Collado is in fact currently an incarcerated prisoner, he must "submit an affidavit stating all assets," and "must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts." (ECF No. 2 at 2.) The Court notes that the civil cover sheet for the complaint indicates that the action is, in part, a prisoner civil rights action. (ECF No. 1-1.) Plaintiff provides one address in the complaint and provides a different address in the IFP application, neither of which appear to be a correctional institution. If Plaintiff John Collado is in fact incarcerated, he must submit the additional materials described on page two of the IFP application, and he will be required to pay the full amount of the filing through deductions to his prison trust account. See 28 U.S.C. § 1914(a); 28 U.S.C. § 1915(b). If Plaintiff John Collado is not incarcerated, he must submit a revised IFP application indicating that he is not incarcerated.

Additionally the complaint states that the "S.S.A. [is] playing games with entitled disability benefits." (ECF No. 1 at 7.) If Plaintiff John Collado is in fact receiving disability benefits or other payments, he must so state in his IFP application, which as submitted, indicates he is receiving no such benefits.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that within **fourteen (14) days** from the date of service of this order:

1. If Plaintiffs Lourdes Ayala, Tino Partido, Maribel Ayala, Teresa Ware, and Maria Diaz wish to proceed in this action along with Plaintiff John Collado, they shall file an amended complaint which includes the signature of each Plaintiff proceeding *pro se*, otherwise the Court will recommend that such Plaintiffs be dismissed from the action or that their names be stricken from the complaint;

///

2. If Plaintiffs Lourdes Ayala, Tino Partido, Maribel Ayala, Teresa Ware, and Maria Diaz wish to proceed in this action they shall file an application to proceed *in forma pauperis*, completed and signed, or in the alternative, pay the $400.00 filing fee for this action;

3. Plaintiff John Collado's application to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice;

4. Plaintiff John Collado shall file a revised application to proceed in forma pauperis in compliance with this order or in the alternative, pay the $400.00 filing fee for this action;

5. If Plaintiffs fail to comply with this order, the Court shall recommend that this action be dismissed.

IT IS SO ORDERED.

Dated: **July 25, 2019**

UNITED STATES MAGISTRATE JUDGE