# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COLLADO, et al., | Case No. 1:19-cv-00996-LJO-SAB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES |
| v. | |
| JUAN URAMBULA, et al., | |
| Defendants. | (ECF Nos. 4, 5) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.

## INTRODUCTION AND BACKGROUND

This action was commenced on July 19, 2019, through the filing of a complaint with the following named Plaintiffs: John Collado, Lourdes Ayala, Tino Partido, Maribel Ayala, Teresa Ware, and Maria Diaz. (ECF No. 1.) On the same date, Plaintiff John Collado filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 2.)

The original complaint was signed by *pro se* Plaintiff John Collado, but not by any of the other named Plaintiffs. (ECF No. 1.) Additionally, John Collado was the only Plaintiff who filed an IFP application. (ECF No. 2.) John Collado's IFP application contained inconsistencies about whether he was incarcerated. (ECF No. 2.) To address these issues, on July 25, 2019, the Court issued an order: (1) denying Plaintiff John Collado's IFP application without prejudice; (2)

requiring John Collado to file a revised IFP application or pay the filing fee to maintain the action; (3) requiring Plaintiffs Lourdes Ayala, Tino Partido, Maribel Ayala, Teresa Ware, and Maria Diaz to file IFP applications or pay the required filing fee; and (4) requiring Plaintiffs Lourdes Ayala, Tino Partido, Maribel Ayala, Teresa Ware, and Maria Diaz to join in filing an amended complaint which includes the signature of each Plaintiff wishing to proceed *pro se* in this action, as *pro se* Plaintiff John Collado cannot represent the other Plaintiffs in the action. (ECF No. 3.) The Court set a deadline of fourteen days after service to comply with these requirements. (ECF No. 3.)

On July 25, 2019, after the Court's order issued, but before the order was mailed and served on Plaintiffs, a first amended complaint was filed by Plaintiffs John Collado, David Bahlia, Lourdes Ayala, Maria Diaz, Teresa Ware, Maribel Ayala, Lysette Ayala, Tino Partido, Isidro Collado Partido, Chris Fernandez, and Doug Cornell. (First Am. Compl. ("FAC"), ECF No. 4.) David Bahlia, Lysette Ayala, Isidro Collado Partido, Chris Fernandez, and Doug Cornell were not named Plaintiffs in the originally filed complaint. (ECF No. 1.) Like the originally filed complaint, *pro se* Plaintiff John Collado appears to be the sole author and filer of this complaint, is the only Plaintiff that provided an address, and is the only Plaintiff that signed the certification for the complaint. Additionally, on July 29, 2019, Plaintiff John Collado filed a revised IFP application. (ECF No. 5.) No other named Plaintiffs filed an IFP application.

Currently before the Court is the first amended complaint filed on July 25, 2019, and Plaintiff John Collado's IFP application filed July 29, 2019. (ECF Nos. 4, 5.)

**II.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the Plaintiffs' complaint in this action to determine if it: "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

### III.

### DISCUSSION

The Court finds Plaintiffs' complaint fails to state a claim. Additionally, as he is proceeding *pro se*, Plaintiff John Collado cannot bring this action on behalf of the other named Plaintiffs, as explained in the Court's previous order, and the complaint is only signed on behalf

of John Collado. (ECF No. 3.) Further, John Collado was the only named Plaintiff to file an application to proceed *in forma pauperis* despite the Court's previous order explaining that any named Plaintiff must file an application to proceed *in forma pauperis* or pay the filing fee in this action. The Court recommends dismissal of this action without leave to amend for the reasons explained below.

### A. Plaintiffs' Allegations in the Complaint

While the action is brought on behalf of multiple Plaintiffs, the complaint appears to primarily be written from the perspective of one person, John Collado, and the complaint is signed by Plaintiff John Collado only. Plaintiffs bring this action against the following Defendants: (1) "Juan Urambula [sic]," identified as an attorney general; (2) "Gavin Nusome [sic]," identified as the governor; (3) David Phillips, identified as a real estate agent and ex-deputy sheriff; (4) Lee Brand, identified as the mayor; (5) Gina Phillips; (6) Rowland Collado; (7) Veronica Collado; (8) Erica Collado; (9) Martin Rodriguez; (10) Joe Collado; (11) Susan Collado; (12) Anthony Collado; (13) Lyn Viesca; (14) Lionel Carinio; (15) Ernie Carinio; (16) Peter Viesca; (17) Wesley Gomonet; (18) Dawn Gomonet; (19) Adam Gomonet; (20) Tiffany Gomonet; (21) Monterey County; (22) the State of California; and (23) the County of Fresno.[1]

The complaint signifies the basis for jurisdiction in this matter is both federal question jurisdiction as well as diversity of citizenship jurisdiction. (FAC 3-4.) Where Plaintiffs are required to identify the specific federal laws that are at issue for federal question jurisdiction, Plaintiffs state:

> As a law abiding citizen, somehow you threw all of my civil liberty out the window. For over 20 years. Not once did they apply Title 17 or inform me of victims rights?

(FAC 4.)

In stating the basis for diversity of citizenship jurisdiction, John Collado is identified as a citizen of California. (FAC 4.) Where the complaint form asks whether any plaintiff is a

---

[1] It appears Plaintiffs is naming former California State Assemblyman Juan Arambula, Governor Gavin Newsom, and mayor of Fresno, Lee Brand. The other named Defendants are not identified, and some appear to be related to Plaintiff given they share the same last name "Collado." When quoting the complaint, the Court may alter the capitalization for ease of reading as the complaint is written in mainly all capital case letters.

corporation, "N/A" is written, however Florida is identified as a principal place of business. (FAC 4.) Although the complaint form requests information on all the named Plaintiffs, an additional page is not attached with such information. As for information concerning the citizenship of Defendants, "Gavin Nusome [sic]" is identified as a citizen of California, while David Phillips is identified as a corporation incorporated under the laws of California and Texas, with a principal place of business in California. (FAC 5.)

Plaintiffs' statement of the claim is as follows:

> My civil rights were exracted [sic] and involuntary servitude was kicked in without any compensation or adjustments. I was left to beg for food. The legislation has done nothing but deprive me and my mother, and victimized Ensenada, and Corralitos ex girlfriends. Terrorized my livelihood due to medical malpractice. Victimized my ex-girlfriends! And best friends.

(FAC 5.)

For relief, Plaintiffs request: "immediate compensation, damages and rewards for involuntary servitude, also lost time over the amount listed!" (FAC 6.)

**B.  Plaintiffs' Complaint Fails to State a Claim**

Plaintiffs indicate that this action is brought both on the basis of federal question jurisdiction and on diversity jurisdiction. (FAC 3-4.)

1.  <u>Federal Question Jurisdiction</u>

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. <u>U.S. v. Sumner</u>, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S.C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Republican Party of Guam</u>, 277 F.3d at 1089

(citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). Plaintiffs' complaint is vague, ambiguous, and fails to state a claim for relief. Although the Federal Rules employ a flexible pleading policy, Plaintiffs must give fair notice to the Defendants and must allege facts that support the elements of the claim plainly and succinctly. It is the duty of Plaintiffs to articulate a claim, not the Court or the Defendants to try to decipher what claims Plaintiffs are asserting in the action.

Plaintiffs' complaint lacks any details explaining what occurred and how any Defendant may be responsible, other than generalized grievances about being a victim and alleging violation of civil liberties for twenty years,[2] along with averring to medical malpractice and involuntary servitude. In the portion of the complaint requesting the specific federal law that forms the basis for federal question jurisdiction, Plaintiff only identifies Title 17. (FAC 4.) Title 17 is the portion of the U.S. Code pertaining to copyrights. See 17 U.S.C. § 101 *et seq.*; Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 886, 203 L. Ed. 2d 147 (2019); Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519, 133 S. Ct. 1351, 185 L. Ed. 2d 392 (2013). Based on the facts presented in the complaint, there is no indication of a violation of Plaintiffs' intellectual property rights.[3]

Taken as a whole, the Court cannot discern any potential cognizable claims Plaintiffs are attempting to bring forward in the complaint. Plaintiffs must state the facts of the alleged conduct which purportedly caused harm. Plaintiffs must allege the who, what, when, where and why of any claim against the Defendants. Plaintiffs' vague statements lack any factual detail and violate Rule 8 of the Federal Rules of Procedure.

---

[2] Although lacking other factual details, claims stemming from events as far back as twenty years ago would almost certainly be barred by the applicable statute of limitations.

[3] Title 17 of the California Code of Regulations contains provisions relating to public health, the state department of health services, welfare, and air and environmental hazards. See Cal. Code Regs. Tit. 17. To the extent that Plaintiffs may be referring to Title 17 of the California Code of Regulations, claims grounded in state law generally do not state a federal cause of action, and the Court cannot discern any possible federal cause of action based on the facts presented in the first amended complaint.

2.  <u>Diversity Jurisdiction</u>

To the extent Plaintiffs argue jurisdiction through diversity of citizenship, such basis for jurisdiction fails on the face on the face of the complaint because Plaintiffs have not demonstrated complete diversity of citizenship between the parties. Plaintiff John Collado is identified as a citizen of California, and Defendant "Gavin Nusome [sic]" is identified as a citizen of California as well. (FAC 4.) There must be complete diversity of citizenship between the Plaintiffs and all Defendants. See <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 187, 110 S. Ct. 1015, 1017, 108 L. Ed. 2d 157 (1990) ("Congress first authorized the federal courts to exercise diversity jurisdiction in the Judiciary Act of 1789 . . . [and] [s]ince its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship.") (internal citation omitted); <u>Matao Yokeno v. Sawako Sekiguchi</u>, 754 F.3d 649, 652 (9th Cir. 2014) ("Unlike the Constitution, the diversity statute, 28 U.S.C. § 1332, requires complete diversity of citizenship.") (internal footnote and citation omitted). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." <u>Rainero v. Archon Corp.</u>, 844 F.3d 832, 840 (9th Cir. 2016) (quoting <u>NewGen, LLC v. Safe Cig, LLC</u>, 840 F.3d 606, 613–14 (9th Cir. 2016)).

For this reason, Plaintiffs have not established diversity jurisdiction.

**C.   Complaint and IFP Application Only Signed by One Named Plaintiff**

*Pro se* Plaintiff John Collado was the only named Plaintiff to sign both the original and amended complaint. (ECF Nos. 1, 4.) John Collado has no authority to appear on behalf of the other named Plaintiffs in this action.

On July 25, 2019, the Court issued an order advising Plaintiffs that Local Rule 131(b) of the Eastern District of California requires that all pleadings "be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing" *pro se* in the action. (ECF No. 3.) The Court's order advised Plaintiffs that each named Plaintiff must sign the complaint on behalf of themselves if they wish to proceed *pro se* in this action, or must have a licensed attorney that represents them in the action sign and submit any filings. See L.R. 131(b); <u>Johns v. County of San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997); <u>C. E. Pope Equity</u>

7

Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Plaintiffs' first amended complaint filed on July 25, 2019, named additional Plaintiffs that were not named in the original complaint. (ECF No. 4.) The amended complaint was filed before the July 25, 2019 order was served by mail. (ECF Nos. 3, 4.) However, as discussed above, Plaintiff John Collado appears to be the only real Plaintiff in interest in this action, the complaint appears to be written from only his perspective, and the complaint is only signed by him. The July 25, 2019 order was mailed to the only address on file for Plaintiffs, and the deadline established by the order has passed. (ECF No. 3.) The Court thus finds that all Plaintiffs with a legitimate interest and standing in this action, if any exist other than John Collado, have received sufficient notice through the Court's July 25, 2019 order that if they wish to proceed in this action as *pro se* parties, they must sign the complaint.

Further, Plaintiff John Collado was the only named Plaintiff that submitted an application to proceed *in forma pauperis* ("IFP") in this action. (ECF Nos. 2, 5.) The Court's July 25, 2019 order provided notice that all parties instituting any civil action are required to pay the filing fee. See 28 U.S.C. § 1914(a). An action may only proceed despite the failure to pay a filing fee if the party is granted *in forma pauperis* status. Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). All parties seeking to proceed *in forma pauperis* must qualify for *in forma pauperis* status. Anderson v. California, No. 3:10-cv-02216-MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). The Court finds that all Plaintiffs with a legitimate interest and standing in this action, if any exist other than John Collado, have received sufficient notice through the Court's July 25, 2019 order that if they wish to proceed in this action they must pay the filing fee or qualify for *in forma pauperis* status.

In addition to failing to state a claim for the reasons discussed in previous sections of this findings and recommendations, the Court finds that any Plaintiffs aside from John Collado have failed to comply with the requirements of Local Rule 131(b) and have failed to submit an IFP application or pay the required filing fee for this action, and recommends dismissal of all such Plaintiffs for this additional reason.

///

### D. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify denying leave to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

Based on the Defendants named and the allegations in the first amended complaint, Plaintiffs have not identified any plausible claim or basis for jurisdiction, and the Court finds that it would be futile to provide Plaintiff with any further opportunity to amend the complaint and recommends that this action be dismissed without leave to amend.

### E. John Collado's Application to Proceed *In Forma Pauperis*

Plaintiff John Collado submitted an application to proceed without prepayment of fees. District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a plaintiff proceeds through § 1915, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed in forma pauperis is

9

1 an abuse of discretion unless the district court first provides a plaintiff leave to amend the
2 complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188
3 (9th Cir. 2015); see Tripati, 821 F.2d at 1370. If a court denies a motion to proceed in forma
4 pauperis because the complaint is frivolous and cannot be cured by amendment, then the denial
5 of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

As the Court finds that it would be futile to provide Plaintiffs with an opportunity to further amend the complaint, the Court recommends that Plaintiff John Collado's application to proceed in this action without prepayment of fees be denied.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiffs have failed to state a cognizable claim for a violation of their federal rights and have failed to establish diversity jurisdiction. Plaintiffs' complaint is vague, ambiguous, and violates Rule 8 of the Federal Rules of Civil Procedure. The Court finds that Plaintiffs are unable to cure the deficiencies in their complaint and further amendment would be futile. Plaintiffs, aside from John Collado, have also failed to comply with Local Rule 131(b) concerning *pro se* filings, and have failed to submit applications to proceed *in forma pauperis* or pay the required filing fee for this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED for failure to state a claim; and
2. Plaintiff John Collado's application to proceed without prepayment of fees be DENIED.

///
///
///
///
///
///
///

1        This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiffs may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 16, 2019**

UNITED STATES MAGISTRATE JUDGE